DENNIS J. HOLLAND *vs.* ALFRED KEYES.

PROVIDENCE—JULY 8, 1902.

PRESENT : Stiness, C. J., Douglas and Blodgett, JJ.

(1) *Deeds.    Uses.    Powers.*

*Habendum* clause of deed was as follows :  "To have and to hold the same with all the rights privileges and appurtenances thereunto appertaining unto and to the use of her the said X. during her natural life, with full power to mortgage or sell the same, if necessary for her maintenance and support ; the remainder to go to my children of full blood who may be living at the decease of said X. to be divided among said children equally share and share alike, to have and to hold to the use of them, their heirs and assigns forever : "—

*Held*, that the grant was to X., and as there were no words of conveyance to any one else, the last sentence was a mere expression of desire, there being no operative words of conveyance to support it.

*Held*, further, that X. took a life estate with power to sell or mortgage the same lands in fee simple if necessary for her maintenance and support.

BILL IN EQUITY seeking construction of deed.

DOUGLAS, J.     The *habendum* clause of the deed offered for the construction of the court reads as follows : " To have and to hold the same with all the rights, privileges and appurtenances thereunto appertaining unto and to the use of her the said Alice Ketrick, during her natural life, with full power to mortgage or sell the same if necessary for her maintenance and support ; the remainder to go to my children of full blood who may be living at the decease of said Alice Ketrick to be divided among said children equally, share and share alike, to have and to hold to the use of them, their heirs and assigns forever."

(1)     The grant is to Alice Ketrick, and there are no words of conveyance in the deed to anyone else.     The last sentence is a mere expression of desire, there being no operative words of conveyance to support it.     Alice Ketrick cannot hold after her death to any use, and the children are not given any estate upon which a use can be imposed.     But whatever the grantor intended by this provision, it is evident that it was to operate only if the power given in the first part of the clause should not be executed.

The only construction which the preceding sentence is capable of is that Alice Ketrick, the grantee, shall take an estate for her life in the lands described, with power to sell or mortgage the same lands in fee simple, if necessary, for her maintenance and support.

If the word *same* were employed in a restricted sense, as meaning the life estate only, the grant of power would be entirely unnecessary and inoperative.     The natural and grammatical meaning is the only one that can have been intended.

A decree will be entered in accordance with this opinion.

*D. J. Holland*, for complainant.

*T. P. Corcoran*, for respondent.